IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,                      CR. NO. S-10-0345 GGH

    vs.                                ORDER

ROBERT G. LEE,

        Defendant.

_____/

        The United States, by way of superseding information, has charged Robert G. Lee with theft of government property by claiming travel reimbursement from the Veterans Administration by means of supplying false information. Defendant Lee has requested that the court authorize Fed. Crim. P. 17 subpoenas in eight categories, which will remain unspecified in this unsealed order.

        Despite the mandatory wording of Fed. R. Crim. P. 17, the issuance of trial subpoenas is not a mandatory act, but is rather governed by a good cause standard. "Rule 17(c) implements the Sixth Amendment guarantee that an accused have compulsory process to secure evidence in his favor. California v. Trombetta, 467 U.S. 479, 485, 104 S. Ct. 2528, 2532 (1984)." In re Martin Marietta Corp., 856 F.2d 619, 621 (4th Cir. 1988). The guidelines for issuing and enforcing Rule 17(c) are set forth in United States v. Nixon, 418 U.S. 683, 94 S. Ct.

1

3090, 41 L. Ed. 2d 1039 (1974).  The burden for showing good cause for production prior to trial is on the party seeking production.  This burden may be met by showing the following:

> (1) that the documents are evidentiary and relevant; (2) *that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence*; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; (4) *that the application is made in good faith and is not intended as a general "fishing expedition."*

418 U.S. at 699-700 (fn. omitted) (emphasis added).  The Nixon Court further provided that "against this background, [the party seeking production], in order to carry his burden, must clear three hurdles:  (1) relevance; (2) admissibility; (3) specificity."  Id., at 700.

Significantly, "Rule 17(c) was not intended to provide an additional means of discovery.  Its chief innovation was to expedite the trial by providing a time and place *before* trial for the inspection of the subpoenaed materials."  Bowman Dairy Co. v. United States, 341 U.S. 214, 220, 715 S. Ct. 675 (original emphasis).  "Rule 17(c) is not intended 'to provide an additional means of discovery beyond that provided in Rule 16.'  This is because a 'Rule 17(c) subpoena reaches only evidentiary materials' – not all discoverable materials.'  "'[A] Rule 17(c) subpoena is not intended to serve as a discovery tool, or to allow a blind fishing expedition seeking unknown evidence.'"  United States v. Reyes, 239 F.R.D. 591, 597 (N.D. Cal. 2006) quoting United States v. MacKey, 647 F.2d 898, 901 (9th Cir. 1981).  Thus, only materials which are potentially admissible as evidence may be subpoenaed.  The potential for admissibility is judged from the relevance and specificity of the request.  Generally worded "all documents" requests are seldom evidentiary as opposed to mere discovery.

However, "[t]hat is not to say that the materials thus subpoenaed must actually be used in evidence.  It is only required that a good faith effort be made to obtain evidence."  Bowman, 341 U.S. at 219-220, emphasis added.  Accord, In re Martin Marietta Corp., supra, 856 F.2d at 622; United States v. Arditti, supra, 955 F.2d at 347, conc. opn. ("[a] party does not have to use all material subpoenaed under 17(c) in evidence to satisfy this test").  Some flexibility in

2

application is therefore required. "[T]he plain words of the Rule are not to be ignored. They must be given their ordinary meaning to carry out the purpose of establishing a more liberal policy for the production, inspection and use of materials at the trial." Bowman, 341 U.S. at 220-221.[1]

Finally, in determining what requests seek evidentiary information as opposed to mere discovery information, the court will not place metaphysical obstacles in the way of enforcing a subpoena. The court does not expect the subpoenaing party to be able to describe with absolute preciseness that which it does not have but is attempting to seek. On the other hand, unless the request is designed to seek materials that possess by their very description a likelihood that they could be used in evidence at trial, the court will find that the party seeking production is simply engaging in discovery.

Utilizing the above standards, the court approves a subpoena for listed categories: 1(although this is awkwardly worded as phrased), 2, 4, 7, 8.[2] The remaining categories are not approved for subpoena.

DATED: 02/16/2011                    /s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

---

[1] It is to be expected that defendants will engage in some evaluative process before determining which documents to seek to admit at trial. The Bowman Court noted with approval the comments of a member of the Advisory Committee, Federal Rules of Criminal Procedure, that Rule 17(c) permits the inspection of materials in advance of trial "so that they may then be inspected in advance, for the purpose of course of enabling the party to see whether he can use it or whether he wants to use it." Bowman, 341 U.S. at 220, n. 5. This purpose was underscored by the Court in Nixon, which also noted a recommendation set forth in the Manual for Complex and Multidistrict Litigation, published by the Federal Judicial Center, that "Rule 17(c) be encouraged in complex criminal cases in order that each party may be compelled to produce its documentary evidence well in advance of trial and in advance of the time it is to be offered." Nixon, 418 U.S. at 699, n. 11.

[2] Categories 5 and 6 are nothing but interrogatories which Lee has requested be placed in written form.